Opinion of the Court, by
Judge Owsley.
Munday exhibited his bill in equity against Shatzell, alleging, that in consideration of his agreeing to freight to New-Orleans 14,259 pounds of yarns, Shatzell promised to pay him one cent per pound; that accordingly he carried the yarns to Orleans, and delivered them there to Shatzell’s agent; that he has since demanded payment for the freight, and has in fact received all except $50 17; but, under some pretext, Shatzell has failed and refuses to pay the residue. The bill also alleges, that, to recover that balance, Munday brought suit at law; but, owing to the lack of evidence to prove the contract, was compelled to submit to a nonsuit; and that he is unable to establish the contract by any other means than the oath of Shatzell. The bill asks for a discovery of the terms of the contract, from Shatzell, and prays for a decree against Shatzell for the balance unpaid, and general relief, &c.
There is no affidavit affixed to the bill, and it does not appear to have been sworn to by Munday.
Shatzell answered, setting forth the contract in relation to the freight, and concludes by insisting that the matters and things contained in the bill are not sufficiently alleged to give the chancellor jurisdiction, &c.
The court, on a final hearing, pronounced a decree dismissing the bill with costs. To reverse that decree Munday has prosecuted this writ of error.
It is assigned for error—1st, That the court erred in not sustaining the bill, and in not giving relief; and 2dly, if relief should not have been given, the bill should have been dismissed without prejudice to the rights of the parties in a suit at law.
That relief was correctly refused, this court entertains no doubt. By the disclosure made in Shatzell’s answer, the object of Munday was fully attained, so far as that object was to obtain a discovery from Shatzell of the terms of the contract. The object of the bill was not, however, barely a discovery; it asked, moreover, *374 for relief. But, as a bill seeking relief, it evidently cannot be sustained. If the jurisdiction of the court to give relief can be sustained, it must be in consequence of the discovery sought; for there can be no doubt, but that for a breach of Shatzell’s promise to pay for the freight, Munday has a certain and complete remedy at law. In sustaining the jurisdiction for the purpose of relief, therefore, the jurisdiction must be translated from a court of law to a court of equity; and it is well settled, that to a bill having such an object, there must be annexed and filed an affidavit of the plaintiff. Mit. Plead. 112, and the authorities there cited. If, therefore, there were no other objection to giving the relief sought, (and whether there exists any other, we have not thought proper to decide,) than the failure of Munday to annex an affidavit to his bill, the court did right in refusing relief.
We are also of opinion that the court decided correctly in dismissing the bill absolutely. The allegation at the close of the answer, though not the most technical, is equivalent to a demurrer to the bill; and on a demurrer for a failure to annex to the bill such an affidavit as we have supposed necessary to translate the jurisdiction from a court of common law to a court of equity, the decree ought regularly to be an absolute dismissal of the bill. After such a dismissal Munday might sue at law; and there can be no necessity, in any case, for directing a decree of dismissal to be without prejudice, but to save to the plaintiff the right of prosecuting another suit.
The decree must be affirmed with costs.